IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GENE CHANDLER ELLIOTT, JR., 267038, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:19-CV-235-ECM-WC |
| | ) | |
| DOUGLAS A. VALESKA, DISTRICT | ) | |
| ATTY. FOR HOUSTON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Gene Chandler Elliott, Jr., an indigent state inmate currently serving a fifteen year sentence for trafficking in methamphetamine imposed upon him on July 6, 2009 by the Circuit Court of Houston County, Alabama.[1]  In this complaint, Elliott challenges the constitutionality of a search that occurred on November 6, 2018 at "the old fire station" in Madrid, Alabama and other actions that transpired on November 12, 2008, which culminated in his arrests for receiving stolen property and trafficking in methamphetamine on November 17, 2008 and November 18, 2008. Doc. 1 at 2–3. Elliott also presents claims attacking the

---

[1]Elliott executed the complaint on April 2, 2019.  Doc. 1 at 4.  Thus, this is the earliest date he could have placed the complaint in the prison mail system.  A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court.  *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The court therefore considers April 2, 2019 as the date of filing.

constitutionality of the criminal proceedings related to his 2009 convictions.  Doc. 1 at 4.[2] Specifically, Elliott alleges that the trial judge improperly denied his motion to suppress the evidence obtained during the challenged search.  Doc. 1 at 4 ("[P]lease help the plaintiff with the suppression hearing ruled on by Judge Brad Mendheim who ignored state and federal laws in order to cover up the illegal prosecution of the plaintiff[.]").

Elliott names Douglas A. Valeska, the District Attorney for Houston County at the time of his convictions, Nereida Bundy, an assistant district attorney, Andy Hughes, the Sheriff of Houston County during the time relevant to the complaint, and Donovan Arias, Jackie Smith and Bill Rafferty, officers with the Houston County Sheriff's Department, as defendants.  He seeks a declaratory judgment and injunctive relief for the alleged violations of his constitutional rights.  Doc. 1 at 4.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

---

[2]The entries on the case action summary sheets for Elliott's trafficking in methamphetamine and receiving stolen property convictions maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Elliott was arrested for these offenses in November of 2018.  The docket sheets further establish that Elliott was convicted of trafficking in methamphetamine and receiving stolen property in the second degree on May 12, 2009.  The trial court imposed sentences upon Elliott of fifteen years and three years, respectively.  The docket entries likewise establish that Elliott was over 30 years of age at the time of his arrest.  As permitted by applicable law, the court takes judicial notice of these case action summaries. *See Keith v. DeKalb Cty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[3]This court granted Elliott leave to proceed *in forma pauperis* in this cause of action.  Doc. 3.  Thus, the court must screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

2

## II.    DISCUSSION

### A.  Search and Arrests

Elliott challenges the constitutionality of a search and his resulting arrests, the last such event occurring on November 18, 2008.  Any claims related to the search and Elliott's arrests are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L. Ed. 2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The last of the actions about which Elliott complains regarding the search and arrests occurred on November 18, 2008.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Elliott from application of the time bar.[4]  The statute of limitations applicable to Elliott's illegal search and arrest claims therefore began to run, at

---

[4]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a).  The complaint and state court records demonstrate that Elliott had not been deemed legally insane at the time his search and arrest claims accrued.  These records also establish that Elliott was not under the age of 19 at the time of accrual.

the latest, on November 19, 2008.[5]   The limitations period ran uninterrupted until its expiration on November 19, 2010.  Elliott filed the instant complaint on April 2, 2019. Thus, the filing of this civil action occurred several years after expiration of the applicable two-year period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense.  The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330, 1332 (D. Or. 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious

---

[5] In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

claims the attention they need and deserve). "We must take advantage of
every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179,
182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the instant complaint and relevant state
court records, Elliott has no legal basis on which to proceed with respect to the claims
challenging the search and arrests which occurred in November of 2008.  As previously
determined, the statutory tolling provision is unavailing.  Consequently, the governing two-
year period of limitations expired over eight years prior to Elliott filing the instant
complaint.  In light of the foregoing, the court concludes that the claims challenging the
search of the old fire station and Elliott's ensuing arrests are barred by the applicable statute
of limitations and are therefore subject to dismissal as frivolous in accordance with the
directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d 636; *see also Neitzke v.
Williams*, 490 U.S. 319, 327 (1989).

**B.  The District Attorney and Assistant District Attorney**

The law is well-settled that "a prosecutor is entitled to absolute immunity for all
actions he takes while performing his function as an advocate for the government."
*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281
(11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from
the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342
(2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions
intimately associated with initiation, prosecution and punishment in a criminal case] is

'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "for their conduct in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Elliott seeks relief from District Attorney Douglas Valeska and Assistant District Attorney Nereida Bundy for actions undertaken during his criminal proceedings, it is clear that these actions occurred while defendants Valeska and Bundy engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which they are entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Elliott's claims presented against District Attorney Douglas Valeska and Assistant District Attorney Nereida Bundy are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i). In addition, Elliott is entitled to no declaratory or injunctive relief against these defendants for any alleged adverse action related to the

convictions and sentences imposed upon him by the Circuit Court of Houston County, Alabama. *See infra* at 7–10.

### C. Plaintiff's Convictions and Sentences

The challenge to the trial court's denial of the motion to suppress and the claim of an illegal prosecution go to the fundamental legality of Elliott's convictions and the resulting sentence for trafficking in methamphetamine on which he is now incarcerated. In accordance with well-established law, Elliott is entitled to no relief on these claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or

sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its

prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Under the circumstances of this case, *Heck* and its progeny bar Elliott's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his conviction and sentence.  512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Hence, the claims presented by Elliott which go to the fundamental legality of his conviction and sentence for trafficking in methamphetamine are not cognizable in this cause of action as they provide no basis for relief at this time and, as such, are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The plaintiff's claims challenging the search and arrests which occurred in November of 2008 be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as they are not timely filed.

2.   The plaintiff's claims against Douglas Valeska and Nereida Bundy seeking relief for actions which occurred during state criminal proceedings before the Circuit Court of Houston County, Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3.   The plaintiff's claims which go to the fundamental legality of his trafficking in methamphetamine and receiving stolen property convictions and the resulting sentences imposed upon him by the Circuit Court of Houston County, Alabama, one of which forms the basis for his current incarceration, be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief at this time in the instant cause of action.

4.   This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

On or before **April 22, 2019**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made.   Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de

novo determination by the District Court of legal and factual issues covered in the Recommendation.  The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of April 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE